```
               UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

Commonwealth of Pennsylvania   :
                               :Case No. 3:15-CV-1022
        v.                     :
                               :(JUDGE CONABOY)
Nicholas J. Williams, Sr.      :
                               :
                               :
                               :

FILED
SCRANTON
MAY 2 7 2015

PER _____ /s/_____
DEPUTY CLERK

## MEMORANDUM

Here we consider a Notice of Removal filed by Nicholas J. Williams, Sr., on May 19, 2015. (Doc. 1 at 1.) Williams seeks to remove an action captioned "*Commonwealth of Pennsylvania v. Nicholas J. Williams, Sr.*" pending before Lackawanna County, Pennsylvania, Magisterial District Judge Laura M. Turlip. (Doc. 1 at 4.) In the state action, Williams is charged with Driving Under the Influence, Driving Without a License, and Driving an Unregistered Vehicle. (*Id.*) Williams states that he is involved in a lawsuit pending in the jurisdiction where his criminal case is pending and he has a conflict of interest with Magisterial District Judge Turlip. (Doc. 1 at 2.) He asserts that he is entitled to have his state criminal case tried in federal court and removal is proper pursuant to 28 U.S.C. §§ 1455, 1441, 1442, "etc. etc." (Doc. 1 at 3.)

### I. Discussion

28 U.S.C. § 1455 sets out the procedure for removal of criminal prosecutions from a state court. It provides the following:

> Notice of removal.--A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and divison within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1455(a).  The requirements for removal explain that the notice must include all grounds for removal.  28 U.S.C. § 1455(b)(2).  The statute also provides the following: "The United States district court in which such notice is filed shall examine the notice promptly.  If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1455(b)(4).

The substantive grounds for removal of a criminal prosecution are set out in 28 U.S.C. §§ 1442, 1442a and 1443.  Section 1442 allows for removal of criminal prosecutions in certain instances against federal officers or agencies.  Section 1442a similarly allows for removal of certain state court cases against members of the armed forces.

Though Williams cites § 1442 as a basis for removal (Doc. 1 at 3), he provides nothing to suggest he would be authorized to proceed under this section.  Petitioner does not allege that he is a member of the armed forces--a threshold requirement to proceed

under § 1442a.  Williams does not cite § 1443, the other provision which may provide grounds for removal, but we will review the requirements set out therein to see if Williams may proceed in this Court.

Section 1443 allows for removal in two situations, the first of which authorizes the removal of a state law civil or criminal action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United Sate, or of all persons within the jurisdiction thereof."  28 U.S.C. § 1443(1).  The Third Circuit Court of Appeals explained the parameters of removal pursuant to this provision in *Commonwealth of Pennsylvania v. Randolph*, 464 F. App'x 46 (3d Cir. 2012) (per curiam) (not precedential).

> For this provision to apply, "a state court defendant must demonstrate both: (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is denied or cannot enforce that right in the courts of the state." *Davis v. Glanton*, 107 F.3d [1044,] 1047 [3d Cir. 1997] (quoting *State of Georgia v. Rachel*, 384 U.S. 780, 788, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966)).  Under the first requirement, the defendant must allege a deprivation of rights guaranteed by a federal law "providing for specific civil rights stated in terms of racial equality." *Id.* (internal citations and quotations omitted). Under the second requirement, removal is available where the defendant's federal civil rights would "inevitably be denied by the very action of being brought to trial in state court." *Id.* at 1049 (internal

3

citations and quotations omitted).

464 F. App'x at 47.

Here Williams does not allege that the state court litigation involves issues of racial equality. Therefore, he cannot proceed under § 1443(1).

The final provision which might permit removal is § 1443(2) pursuant to which the defendant may remove from state court a civil or criminal action "for any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). This subsection "'confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights.'" 464 F. App'x at 47 (quoting *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966).

Williams has failed to allege anything which would allow him to proceed under this provision. Therefore, § 1443 cannot support Williams removal. Because Williams has presented no valid grounds for removal, summary remand is appropriate pursuant to 28 U.S.C. § 1455(4).

## II. Conclusion

For the reasons discussed above, this matter is remanded to State court pursuant to 28 U.S.C. § 1455. An appropriate Order is

filed simultaneously with this Memorandum.

                                    /s/ Richard P. Conaboy
                                    RICHARD P. CONABOY
                                    United States District Judge

DATED: 5/27/15

5